IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kenon Roderick Ontel Stevens,                )<br>                                                         )<br>                              Plaintiff,         )<br>                                                         )<br>v.                                                        )<br>                                                         )<br>Luther Brown, *Agent of Dorchester County*  )<br>*PPP*; Unknown Officer, *Agent of Orangeburg* )<br>*County PPP*; Doctor Wimberly, *Doctor of*  )<br>*SHP DCDC*; Captain Van Doran, *Captain of* )<br>*DCDC*,                                             )<br>                                                         )<br>                              Defendants.       )<br>_____ ) | C/A No. 0:13-2199-JMC-PJG<br><br>**REPORT AND RECOMMENDATION** |

The plaintiff, proceeding *pro se*, brought this action seeking relief pursuant to 42 U.S.C. § 1983. On February 18, 2014, Defendants Luther Brown and Captain Van Doran filed a motion to dismiss or, in the alternative, for summary judgment. (ECF No. 41.) By order of this court filed February 18, 2014, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the dismissal and summary judgment procedures and the possible consequences if he failed to respond adequately. (ECF No. 42.) The plaintiff failed to respond to the motion. This order, which was mailed to the plaintiff, was returned to the Clerk of Court as undeliverable by the United States Postal Service. (See ECF No. 45.)

The court notes that when the plaintiff filed this action, he was specifically instructed as follows:

> You are ordered to always keep the Clerk of Court advised **in writing** . . . if your address changes for any reason, so as to assure that you receive orders or other matters that specify deadlines for you to meet. If, as a result of your failure to comply with this order, you fail to meet a deadline set by this court, **your case may be dismissed for violating this order**. Therefore, if you have a change of address



> before this case is ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address . . . . Your failure to do so will not be excused by the court.

(Order, ECF No. 10 at 3.) This order was not returned to the court. The plaintiff has failed to comply with this order, and as a result neither the court nor the defendants have any means of contacting him concerning his case.

## RECOMMENDATION

Based on the foregoing, and the previous instructions and specific warning given to the plaintiff in the court's prior order, the court recommends that this action be dismissed in accordance with Rule 41(b) of the Federal Rules of Civil Procedure. See also Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (stating that magistrate judge's prior explicit warning that a recommendation of dismissal would result from the plaintiff failing to obey his order was proper grounds for the district court to dismiss the suit when the plaintiff did not comply despite the warning), cert. denied sub nom, Ballard v. Volunteers of America, 493 U.S. 1084 (1990); Fed. R. Civ. P. 41(b). In light of the court's recommendation, the court further recommends that any pending motions (ECF No. 41) be terminated. The Clerk is directed to send this Report and Recommendation to the plaintiff at his last known address.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 25, 2014
Columbia, South Carolina

*The parties are referred to the Notice Page attached hereto.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).